Mack SKINNER et al, Trustees, *v.*
J. Elmer BERRY, Prairie County Judge

79-42                                                    583 S.W. 2d 27

Opinion delivered June 25, 1979
(Division I)

92

*Macon, Moorehead & Green*, by: *J. W. Green, Jr.*, for appellants.

*Randall L. Gammill* and *James W. Thweatt*, for appellee.

GEORGE ROSE SMITH, Justice. The controlling question is whether the four appellants, as "Trustees for the Churches of the City of Stuttgart," are proper parties to apply to the county judge of Prairie County for a permitt to establish a cemetery upon a 4.64-acre tract of land in Prairie County.

Section 1 of Act 204 of 1929, compiled as Ark. Stat. Ann. § 82-401 (Repl. 1976), provided that any party or parties proposing to establish a cemetery could apply to the county judge for a permit to do so. That statute, however, has largely been superseded by later acts — most recently by Act 352 of 1977, which creates the Arkansas Cemetery Board and requires that permits for the establishment of new cemeteries be obtained from that board. § 82-426.4 and 82-426.7 (Supp. 1977). The 1977 act, however, does not apply to cemeteries owned and operated by "a church or similar religious organization." § 82-426.3. Hence the appellants might be entitled to apply to the county judge, instead of to the Cemetery Board, for a permit if the proposed cemetery is to be owned and operated by a church or similar religious organization. The circuit court, in this action by the appellants for a writ of mandamus to compel the county judge of Prairie County to issue a permit for the proposed cemetery, held that the appellants are not entitled to proceed under the exception in the 1977 act, because the cemetery would not be owned and operated by a church or similar religious organization. In view of the particular facts in the case we are compelled to agree with that conclusion.

The effort to establish the proposed cemetery apparently began with a resolution adopted by the city council of Stuttgart on December 30, 1976. That resolution authorized the mayor to execute a deed conveying 4.64 acres owned by the city in Prairie County "to a Grantee selected by the churches of this community." The resolution provided that the grantee would hold the land as trustee for those churches and would make application to the State of Arkansas for a cemetery permit.

J. W. Green, Jr., a Stuttgart attorney attempting to aid the project, published a newspaper notice that a meeting

would be held in the courthouse on March 6, 1977, for the purpose of selecting trustees to hold title to the land in accordance with the city council's resolution. The notice was addressed to 30 named churches, and a copy of the notice was also mailed to those churches. Representatives of six churches attended the meeting and elected the four appellants as trustees. On March 16, 1978, the city conveyed the 4.64-acre tract to the appellants "as Trustees for the Churches of the City of Stuttgart, Arkansas." The trustees then applied to the county judge of Prairie County for a permit and later brought this action against him for a writ of mandamus.

The insurmountable difficulty in the appellants' position, as we view the case, is that the proposed cemetery will not be owned and operated by any particular church or churches. The 1977 act contemplates that new cemeteries will ordinarily be established by cemetery companies, as defined in Section 82-426.2. An application for a permit to establish a new cemetery must contain detailed information, including a provision for a permanent maintenance fund for perpetual care of the cemetery. § 82-426.7. There are also provisions for regulation of the investment of a cemetery company's funds and for the keeping of necessary records. §§ 82-426.14 and -426.17. In short, the act attempts to protect the public by provisions designed to promote the stability and solvency of cemetery companies.

We must consider the act as a whole in arriving at the purpose and intent of the section which exempts from the provisions of the act a cemetery that is owned and operated by a church or similar religious organization. The legislature evidently believed that an existing church, owning and operating a cemetery, would provide a measure of stability and solvency comparable to that which the legislature sought to insure with respect to cemetery companies in general. Thus a church may own and operate a new cemetery, by permission of the county judge, but there is no similar provision for one or more individuals to do so.

Yet, essentially, the appellants are four individuals who seek to own and operate the proposed cemetery on the tract

provided by the city. They were elected as trustees by representatives of several Stuttgart churches, but no identifiable church has seen fit to assume responsibility for the care and maintenance of the new cemetery. Thus the proposal, however well motivated, does not meet the statutory requirement that the proposed cemetery be owned and operated by a church or similar religious organization. The circuit court was therefore correct in holding that the appellants are not proper parties to compel the county judge to issue a permit for the establishment of the cemetery.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.